THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROYCE J. HASSELL | § | Case No. 19-30694 |
| | § | (Chapter 11) |
| Debtor. | § | |
| ROYCE HASSELL | § | |
|     Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| HASSELL CONSTRUCTION COMPANY | § | |
| INC. *et. al.* | § | |
|     Appellee. | § | |

**NOTICE OF REMOVAL**

Royce J. Hassell ("Debtor" or "Plaintiff") files this Notice of Removal of an appeal styled as *Royce Hassell v. Hassell Construction Company Inc. et. al.,* Case No. 01-18-00709 pending in the First Court of Appeals ("Appeal") and which arises out of the state court action styled *Hassell Construction Company Inc. v. Royce Hassell,* Cause No. 2016-87708 in the 61st Judicial District Court of Harris County, Texas (the "State Court Action").

Procedural Background and Nature of Suit

**1.** On December 22, 2016, Hassell Construction Company, Inc. ("HCCI") filed its Original Petition for Declaratory Judgment, Injunctive Relief and Damages ("Petition") against Royce Hassell and Silvia Hassell in the State Court Action. In the State Court Action, HCCI sought a declaratory judgment that Royce Hassell is not a shareholder of HCCI and that Silvia Hassell has no community property rights in the shares previously owned by Royce Hassell.

**2.** On April 19, 2017 Royce Hassell and Silvia Hassell filed their Original Answer and Special Exceptions ("Answer"). On May 19, 2017, Royce Hassell filed his Original Counterclaim and

Third Party Petition against HCCI, Michael Hassell, Phillip Hassell, Shawn Hassell Potts, and the Trustee of the James C. Hassell Intervivos Trust ("Counterclaim"). In the Counterclaim, Royce Hassell asserts claims for (i) breaches of fiduciary duty by Michael Hassell and Trustee; (ii) Violation of the Texas Trust Code by Trustee; (iii) Knowing Participation in Breaches of Fiduciary Duties; (iv) Breaches of Fiduciary Duty by Phillip Hassell; (v) Violations of the Texas Business Organizations Code; (vi) Aider and Abetter / Conspiracy Liability; (vii) Fraud, Use of Corporate Form as a Sham to Perpetrate a Fraud and Fraudulent Concealment; (viii) Declaratory Judgment on Royce Hassell's Ownership of HCCI; and (ix) Attorneys Fees.

3. On April 17, 2018, Phillip Hassell, Michael Hassell, Shawn Potts Hassell, and Jason Hassell filed a third party petition and counterclaim against Royce Hassell, R. Hassell Properties, Inc., and Terry Tauriello.

4. On August 3, 2018, Royce Hassell filed a Notice of Appeal in the State Court Action commencing Case No. 01-18-00709 ("Appeal"). The purpose of the limited appeal was to appeal the failure of the trial court to rule on the motion to dismiss brought by Royce Hassell under Chapter 27 of the Texas Civil Practice & Remedies Code to dismiss the counter-claims of Michael Hassell, Phillip Hassell, and Shawn Hassell Potts and the original claims of Jason Hassell in the State Court Action. The remainder of the claims in the State Court Action have not yet been tried by the trial court.

5. On February 4, 2019 (the "Petition Date"), Royce Hassell filed his voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the bankruptcy case captioned *In re Royce J. Hassell*, Case No. 19-30694 in the United States Bankruptcy Court Southern District of Texas, Houston Division (the "Chapter 11 Bankruptcy Case").

**Basis for Removal**

**6.** This Notice of Removal is filed pursuant to 28 U.S.C. § 1452, Bankruptcy Rule 9027, and Local Bankruptcy Rules 9027-1, 9027-2, 9027-3, and the *General Order of Reference* entered by the District Court of this District on March 10, 2005.

**7.** The Appeal of the State Court Action was initiated prior to the commencement of the Chapter 7 Case. This Notice of Removal has been timely filed pursuant to Bankruptcy Rule 9027(a)(2). *In re R.E. Loans, LLC*, No. 11-35865, 2012 WL 3262767, at *2 (Bankr. S.D. Tex. Aug. 8, 2012).

**8.** Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

**9.** Cases subject to jurisdiction are removable under the authority of 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title"). The Appeal of the State Court Action, including all claims and causes of action asserted therein, is a civil action other than a proceeding before the United States Tax Court. The Appeal of the State Court Action is not a civil action by a government unit to enforce such government unit's police or regulatory power.

**10.** This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) (federal district courts have "original jurisdiction of all civil proceedings…arising in or related to cases under title 11"). The Appeal of the State Court Action "arises in" or, alternatively, is "related to" a Title 11 case, *i.e.* the Debtor's Chapter 11 Bankruptcy Case. In this circuit, "related to" proceedings include any case whose outcome "could *conceivably* have any effect on the administration of the estate." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis added); *In re Baudoin*, 981 F.2d 736, 740 (5th Cir. 1993).

**11.** The resolution of the Appeal of the State Court Action will have a direct impact on the bankruptcy estate of the Debtor, who is a shareholder of Hassell Construction Company Inc.

3

individually and as a beneficiary in the James C. Hassell Intervivos Trust. The Appeal of the State Court Action is related to the Debtor's Chapter 11 Bankruptcy Case because the outcome of Appeal of the State Court Action could possibly change the Debtor's rights, liabilities, or options in a way that would have an effect upon the handling and administration of the bankruptcy estate.

12. Thus, the claims asserted in the Appeal of the State Court Action are claims that arise in or are otherwise related to the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334(b), and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a).

### *Core or Non-Core Bankruptcy Jurisdiction*

13. This action involves the administration of the Debtor's estate and is a proceeding affecting the adjustment of the debtor-creditor relationship; it is, therefore, a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(C) and (O). The claims and causes of action in the Appeal of the State Court Action have a clear and direct impact on the interests and property of the Debtor's estate under 11 U.S.C. §541.

14. Upon removal of the Appeal State Court Action, Royce Hassell consents to the entry of final orders or judgment by the bankruptcy judge.

### *Parties and Notice*

15. Pursuant to 28 U.S.C. § 1452(a), Federal Bankruptcy Rule 9027(b), and Local Rule 9027-1, all adverse parties are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the clerk of the First Court of Appeal of Texas.

16. In accordance with Local Rule 9027-1(a), the names and addresses of the parties and counsel in the Appeal of the State Court Action, who have or will be served with the notice, are as follows:

| | |
|---|---|
| Attorneys for Phillip Hassell | Rentea & Associates<br>Bogdan Rentea<br>700 Lavaca Suite 78701<br>512-472-6291 (Telephone)<br>512-472-6278 (Fax)<br>brentea@rentealaw.com |
| Attorneys for Michael Hassell, individually and in his capacity as Trustee of the James C. Hassell Intervivos Trust | Rentea & Associates<br>Bogdan Rentea<br>700 Lavaca Suite 78701<br>512-472-6291 (Telephone)<br>512-472-6278 (Fax)<br>brentea@rentealaw.com |
| Attorneys for Shawn Hassell Potts | Rentea & Associates<br>Bogdan Rentea<br>700 Lavaca Suite 78701<br>512-472-6291 (Telephone)<br>512-472-6278 (Fax)<br>brentea@rentealaw.com |
| Attorneys for Jason Hassell | Rentea & Associates<br>Bogdan Rentea<br>700 Lavaca Suite 78701<br>512-472-6291 (Telephone)<br>512-472-6278 (Fax)<br>brentea@rentealaw.com |
| Attorneys for Royce and Silvia Hassell | Silvia T. Hassell<br>5302 Maple Street<br>Houston, Texas 77041<br>713-665-2442 (Telephone)<br>713-665-0369 (Fax)<br>sehassell@aol.com<br><br>Locke Lord LLP<br>Derrick Carson<br>2800 JP Morgan Chase Tower<br>600 Travis Street<br>Houston, Texas 77002<br>713-226-1197 (Telephone)<br>713-223-2622 (Fax)<br>dcarson@lockelord.com |

### *Process and Pleadings*

**17.** Pursuant to Bankruptcy Rule 9027(a)(1) and Local Bankruptcy Rule 9027-1(b), true and correct copies of all process and pleadings filed in the Appeal of the State Court Action (as set forth in the attached Exhibit "A") have been provided.

5

18. In accordance with Bankruptcy Rule 9027(c), Royce Hassell will promptly file a notice of the filing of this Notice of Removal in the Appeal of the State Court Action.

WHEREFORE, Royce Hassell notifies the United States Bankruptcy Court for the Southern District of Texas, Houston Division, that the Appeal of the State Court Action is hereby removed in its entirety to this Court pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

Dated: May 3, 2019.                                Respectfully submitted,

                                                   */s/ Erin E. Jones*
                                                   Erin E. Jones (TBN 24032478)
                                                   JONES MURRAY & BEATTY LLP
                                                   4119 Montrose, Suite 230
                                                   Houston, TX 77006
                                                   Tel. 832-529-1999
                                                   Fax. 832-529-3393
                                                   erin@jmbllp.com
                                                   COUNSEL FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I certify that on May 3, 2019, a true and correct copy of the foregoing document is being served pursuant to the rules on all counsel of record.

                                                   */s/ Erin E. Jones*
                                                   Erin E. Jones